UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPEAR MARKETING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-3583-B |
| | § | |
| BANCORPSOUTH BANK and | § | |
| ARGO DATA RESOURCE | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Spear Marketing, Inc.'s ("SMI") Motion for Leave to File Second Amended Complaint (doc. 53), filed on July 19, 2013. SMI's proposed pleadings would serve as a third attempt at pleading, given it has already amended its Original Petition (doc. 1-6) with an Amend Complaint (doc. 7). The proposed Second Amended Complaint seeks to add three federal claims under the Computer Fraud and Abuse Act, the Stored Communications Act, and Section 43(a) of the Lanham Act as well as one state law claim for tortious interference with prospective business relations. Doc. 53, Mot. at 1.

SMI's motion for leave to amend comes nearly seven months after the Court's December 28, 2012 deadline for such motions. *See* doc. 18, Scheduling Order at II.2. SMI argues that because Defendants "were recalcitrant in responding to discovery, SMI was not aware of facts supporting the bases for asserting additional claims until after the December 28, 2012 deadline to amend pleadings," and SMI "was unable to file a motion for leave as a result of its pending motion to remand and Defendants' pending motion to dismiss." SMI claims that it did not learn of the facts underlying the

four proposed claims until March 6, 2013, while deposing one of Defendant's witnesses.

Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Pursuant to Rule 16, a scheduling order should not be modified unless there is a showing of "good cause." *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The Fifth Circuit has set forth four factors for determining whether a movant has established good cause for modification of a scheduling order after a deadline has passed:

(1) the explanation for the failure to timely move for leave to amend;

(2) the importance of the amendment;

(3) potential prejudice in allowing the amendment; and

(4) the availability of a continuance to cure such prejudice.

*S&W Enters., L.L.C.*, 315 F.3d at 536 (internal alterations omitted). "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, No. 3:03-CV-0256-D, 2004 WL 1243151, at * 2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause. *Id.* Rather, the movant must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, No. 3:96-CV-3363-D, 1998 WL 874825, at *1 (N.D. Tex. Dec.

- 2 -

7, 1998)). Rule 15(a), which allows for liberal leave to amend, comes into play once the moving party

has demonstrated good cause under Rule 16(b). *S&W Enters.*, 315 F.3d at 536.

The Court acknowledges the procedural history of this case. Specifically, SMI filed its

Original Petition in state court, which Defendants removed on the basis of copyright preemption on

September 4, 2012. Doc. 1, Notice of Removal. Defendants then filed a Motion to Dismiss (doc. 6)

the Original Petition on September 11, 2012. Before briefing was complete on the motion, SMI filed

an Amended Complaint (doc. 7) on September 13, 2012, apparently in attempt to avoid the

preemption issues raised by Defendants in their Notice of Removal and Motion to Dismiss.

Defendants then filed a second Motion to Dismiss (doc. 9) on September 27, 2012, seeking dismissal

of the Amended Complaint. Not long after, on October 9, 2012, SMI filed a Motion to Remand

(doc. 12), hoping to return to state court. The Court then entered its Scheduling Order on October

29, 2012, which set December 28, 2012 as the deadline for amendment of pleadings. After denying

Defendants' first motion to dismiss as moot in light of the filing of an amended complaint, the Court

eventually denied the Motion to Remand on May 16, 2013 and the second Motion to Dismiss on July

1, 2013.

Until now, the parties have vigorously disputed whether or not federal jurisdiction existed,

with SMI claiming federal jurisdiction does not exist and Defendants arguing that federal jurisdiction

existed on the basis of preemption. Now that the Court has made its ultimate determination that

federal jurisdiction exists and the case will remain in this Court, SMI seeks to amend the complaint

primarily to add new federal claims.

The Court acknowledges SMI's argument that it did not want to amend its pleadings a

second time before the December 28, 2012 deadline, purportedly to avoid "a substantial waste of

- 3 -

judicial and party resources," given the other pending motions. Doc. 53, Mot. at 5. The Court also notes SMI's contention that "it did not learn of the facts supporting the federal claims under the Computer Fraud and Abuse Act, the Stored Communications Act, and Section 43(a) of the Lanham Act until March 6, 2013," when it deposed a witness for BancorpSouth. *Id.*

The Court is not convinced by SMI's briefing that it was not aware of the facts underlying its four allegedly new claims prior to the deadline for amending pleadings. It appears that at least some of the claims could have been asserted in SMI's prior pleadings.[1] However, it also appears that due to what may likely be construed as SMI's strategy to return to state court and avoid federal jurisdiction, SMI avoided moving to amend its pleadings until federal jurisdiction was certain. Each party is permitted to adopt a litigation strategy, including one that seeks remand to state court. But each party must also accept the consequences resulting from their strategies, including the possibility that delaying the addition of federal claims may result in the Court's refusal to accept the new claims after the amendment deadline, given the prejudice to the opposing party and the Court's need to manage its docket.

Nevertheless, even if the Court were to take as true SMI's statement that it did not learn of the facts underlying its new claims until March 2013 and therefore could not have moved to add its four new claims until after the deadline for amendment, SMI waited *over four months* from the March 2013 date before requesting leave to amend its pleadings in order to accommodate this allegedly new information. Such a delay is unreasonable, especially given that the trial date, which has been in place since October 2012, is a mere four months away.

---

[1]Indeed, the factual allegations SMI seeks to allege in its proposed amended complaint are essentially the same as those asserted in the state petition and the Amended Complaint.

The Court therefore decides in its discretion that the Motion for Leave to File a Second Amended Complaint (doc. 53), should be **DENIED**.

Given that the issue of the amended pleadings has been resolved, the Court may now address the issue of the remaining deadlines in this case. After considering the parties' separate status reports (docs. 51, 56), the Court enters the following new deadlines.

| | |
|---|---|
| **Plaintiff's Expert Designation & Report:** | August 26, 2013 |
| **Defendant's Expert Designation & Report:** | September 23, 2013 |
| **Rebuttal Expert Designation:** | 30 days after disclosure made by other party |
| **Discovery:** | August 30, 2013 |
| **Dispositive Motions:** | September 13, 2013 |

The requirements outlined in the Court's Scheduling Order (doc. 18) remain applicable. The Court does not agree at this time that a new trial date is necessary and, therefore, **DENIES** SMI's Motion to Modify Trial Date (doc. 57), filed on July 19, 2013.

SO ORDERED.

SIGNED: August 12, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 5 -